# United States District Court
## WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**CURTIS WILLIAM BRANCH** | **ORDER OF DETENTION PENDING TRIAL**<br>Case Number: 1:11-CR-10 |

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I - Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
  - ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____
  - ☐ under 18 U.S.C.§924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

- ☒ (1) There is a serious risk that the defendant will not appear.
- ☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant previously waived his detention hearing in open court with his attorney present on February 8, 2011, but reserved the right to re-address the matter when further information was obtained. Defendant subsequently filed a Motion for Review of the Order of Detention, the matter has been fully briefed, and a hearing was held this date. See 18 U.S.C. § 3142(f). The evidence shows that defendant was placed on probation in 2007 following his conviction for carrying a concealed weapon. The incident leading to the present federal charges was originally handled by the tribal courts in 2009, at which time defendant was, after a period of incarceration, placed on bond and the matter (continued on attachment)

## Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by a preponderance of the evidence that no condition or combination of conditions will assure the appearance of the defendant for future court proceedings in the pending matter in light of defendant's repeated failures to appear in court on other proceedings and his disregard of his obligations while on probation.

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| | |
|---|---|
| Dated: March 22, 2011 | /s/ Hugh W. Brenneman, Jr.<br>*Signature of Judicial Officer*<br>Hugh W. Brenneman, United States Magistrate Judge<br>*Name and Title of Judicial Officer* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

**Alternate Findings (B)** - (continued)

was ultimately dropped by tribal authorities in early 2010. After that time, and while defendant was still on probation from the CCW charge, he was arrested on May 30, 2010 for driving while his license was suspended. He failed to appear for arraignment the following month,on June 10, 2010. An Order to Show Cause was issued and he failed to appear for that hearing on November 29, 2010 as well.

Two days after he was arrested for driving on a suspended license, the defendant fled police when the automobile he was riding in was stopped. He was charged with attempted resisting and obstructing a police officer. He subsequently pled guilty to the attempted R & O, but before he could be sentenced he absconded from probation on the CCW charge in August 2010 and remained at large until he was apprehended on January 21, 2011 on an arrest warrant issued pursuant to his failure to appear for the order to show cause resulting from the driving while license suspended. On February 3, 2011, he appeared in this court and was ordered detained as mentioned above. Thus, since May of 2010, and all the while on probation for the CCW charge, defendant has driven on a suspended license, failed to appear for an arraignment, failed to appear in response to an order to show cause, absconded from probation for a five-month period, and failed to appear for sentencing on the attempted R & O charge on October 27, 2010. The incident leading to the pending charges also occurred during this period he was on probation.

**Part II - Written Statement of Reasons for Detention** - (continued)